**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09 C 3159 |
| | ) | |
| **6654916 CANADA, INC., et al.,** | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Magistrate Judge Cox's June 2, 2010, report and recommendation (R&R") recommending that default judgment be entered against defendants Riaz A. Butt, Faheem Ahmed Mughal, 9187-4131 Québec Inc., Bilal Ahmed Malik, Sohail Azmat, and Nabeel Azmat as a discovery sanction is before the court. For the following reasons, the court accepts the recommendation and enters default against those defendants.

## Background

The Federal Trade Commission ("FTC") contends that Riaz A. Butt, Faheem Ahmed Mughal, 9187-4131 Québec Inc., Bilal Ahmed Malik, Sohail Azmat, Nabeel Azmat, 6654916 Canada Inc., National Yellow Pages Online, LLC and DRS Without Prejudice made false and misleading representations to consumers to induce them to purchase listings in defendants' Internet directory. The court granted the FTC's motion for a preliminary injunction on June 22, 2009. Dkt. 53.

On September 17, 2009, the court defaulted 6654916 Canada Inc., National Yellow Pages Online, LLC and DRS Without Prejudice, and referred this matter to Magistrate Judge Cox on October 1, 2009, to consider non-dispositive motions and supervise discovery. On May 19,

2010, James McGonnagle, current counsel for the Azmats, filed an appearance. In the two months since then, discovery has remained at a standstill.

On June 2, 2010, Magistrate Judge Cox issued a report and recommendation (R&R") recommending that default judgment be entered against the remaining defendants. The R&R details the defendants' lengthy history of failing to comply with discovery requests:

> After this matter was referred, on October 1, 2009, the parties submitted to the Court a proposed scheduling order. The parties agreed that all disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) would be made by October 23, 2009, and that fact discovery would be completed by September 24, 2010. The Court entered the proposed dates into a scheduling order on October 8, 2009. The FTC provided Rule 26(a) disclosures to defendants on October 22, 2009. Defendants, however, failed to submit initial disclosures by the October 23, 2009 deadline. The FTC contacted defendants on October 27, 2009 to notify them that Rule 26(a) disclosures were due on October 23, 2009. Defendants failed to respond. At a December 16, 2009 status hearing, the FTC informed the Court that defendants were two months late in providing initial disclosures. The Court then provided defendants with a second opportunity and ordered defendants to provide the FTC with their initial disclosures on or before January 8, 2010. To date, defendants have failed to provide initial disclosures as ordered.
>
> All defendants have also failed to respond to the FTC's request for production of documents, which were due on January 19, 2010. On January 21, 2010, the FTC attempted to meet and confer with defendants to reach an agreement on document production; however, defendants failed to even respond to the FTC's meet and confer request. All defendants have also failed to respond to the FTC's interrogatories, which were due on February 10, 2010. Additionally, defendants Bilal Ahmed Malik, Nabeel Azmat, and Sohail Azmat failed to appear for properly scheduled depositions, which were scheduled for February 4, 2010, February 11, 2010 and February 25, 2010, respectively. To date, each and every defendant has failed to respond to all of the FTC's discovery requests.
>
> As a result of these failures, on February 10, 2010, the FTC filed a motion for discovery sanctions, which requested that a default judgment be entered against [the defendants who had not already been defaulted] . . . . [The Azmats] responded but still made no guarantees that they would respond to discovery. On April 6, 2010, the Court granted the FTC attorneys' fees for bringing the discovery sanctions motion and ordered defendants to respond to all outstanding discovery on or before April 23, 2010 or risk a recommendation that default

> judgment be entered. On April 26, 2010, the FTC's counsel contacted the Court by telephone and represented that defendants had still failed to respond to any outstanding discovery requests.
>
> In addition to these discovery failures, defendants have failed to appear before this Court for status hearings. For example, defendants did not appear on July 21, 2009, September 17, 2009, and April 20, 2010. In addition, on December 16, 2009 and April 6, 2010, only counsel for [defendants other than the Azmats] appeared.

Dkt. 124 at 2-4.

The magistrate judge also noted that former counsel for the Azmats (as well as counsel for other defendants) had ongoing difficulties communicating with their clients. Former counsel for the Azmats eventually withdrew, citing "poor communication and cooperation with defendants regarding discovery" and the loss of "all meaningful contact with the defendants." *Id.* at 4.

On June 21, 2010, defendants Nabeel and Sohail Azmat filed a "motion for relief" that requested an additional 60 days to comply with the "long outstanding" discovery requests. Dkt. 126. On June 25, 2010, this court issued an order construing the motion as an objection to the R&R and ordering the Azmats to "file, by 7/9/2010, a memorandum addressing: (1) the timeliness of their objection, (2) the propriety of an extension after the time to object has passed, (3) whether good cause supports the granting of an extension; and (4) the specific legal and factual basis underlying their objection." Dkt. 129.

In response, the Azmats filed a "preliminary reply" stating "they have tried to be in full compliance with the discovery request [sic] and do believe they are in full compliance." Dkt. 130. The Azmats also represented that their counsel (who is not a registered e-filer) received the R&R via first class mail on June 16, 2010, and received the court's June 25th order via first class

mail on July 7, 2010.[1]  They did not address the issues specified in the court's June 25th order, and instead, asked for an additional 14 days to file a further memorandum.

**Standard of Review**

The R&R ends with the statement that pursuant to Fed. R. Civ. P. 72(b), specific written objections shall be filed within 14 days from the date the report is served.  The R&R was docketed and served on June 3, 2010.  The only document that could possibly be viewed as an objection – the Azmats' June 21, 2010, "motion for relief" – was faxed to Magistrate Judge Cox's chambers on June 18, 2010, and filed on June 21, 2010.  Filing via facsimile is not permitted.  *See* Local Rule 5.5(c).  Even if it was, the "motion for relief" was filed more than 14 days after June 3, 2010.

Moreover, the court provided the Azmats with an opportunity to undo their procedural delict by allowing them to file a memorandum supporting their objections and directed them to, among other things, address "the specific legal and factual basis underlying their objection." Dkt. 129.  To date, the Azmats have not filed any document containing specific arguments about the R&R or provided any justification for their position that the "motion for relief" is a timely objection.

The R&R addresses a dispositive matter.  The Azmats failed to object in a timely manner, and then failed to take advantage of their second chance to present the court with a memorandum

---

[1] Counsel of record for the Azmats also contends that he tried unsuccessfully to contact the court and that, for unspecified reasons, he thought the court and its staff were out of the office until the week of July 12, 2010.  The court has been sitting following its normal schedule during the relevant time.  In any event, it is unclear how the purported inability to contact chambers directly – which is impermissible if counsel wishes to discuss the merits of a case – could have hindered the defendants had they wished to comply with the outstanding discovery.

detailing the basis for their objection. The remaining defendants who have not already been defaulted did not object to the R&R at all. If a party does not file a timely objection to a R&R, the court need only satisfy itself that the R&R is not clearly erroneous in order to accept the magistrate judge's recommendation. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error"); Fed.R.Civ.P. 72(b) Notes of Advisory Committee on Rules, 1983 Amendment ("the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

## Discussion

The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007). Nevertheless, under Rule 37(b)(2), "[i]f a party or an officer, director, or managing agent of a party . . . fails to obey an order to provide or permit discovery" the court may enter "such orders in regard to the failure as are just" including the ultimate sanction of rendering a default judgment. When considering the imposition of sanctions under Rule 37(b), the court must focus on whether the party against whom sanctions are sought acted willfully or in bad faith, or was otherwise at fault. *See In re Thomas Consolidated Industries, Inc. v. Herbst*, 456 F.3d 719, 724 (7th Cir. 2006); *see also Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) ("it is well settled in this circuit that the ultimate sanction of dismissal should be involved only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable") (internal quotations omitted). Bad faith exists

when a party intentionally or recklessly disregards its obligations to comply with a court order. *Rice v. City of Chicago*, 333 F.3d at 785.

The Seventh Circuit has questioned whether a default judgment based on a violation of Rule 37 must be supported by "clear and convincing evidence of willfulness, bad faith or fault" as opposed to a preponderance of the evidence. *Wade v. Soo Line R.R.*, 500 F.3d 559, 564 (7th Cir. 2007), *quoting Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003); *see also Ridge Chrysler Jeep, LLC v. Daimler Chrysler Financial Services Americas LLC*, 516 F.3d 623, 625 (7th Cir. 2008) ("heightened burdens of proof do not apply in civil cases unless a statute or the Constitution so requires" and "[n]either a statute nor the Constitution requires an elevated burden for dismissal as a sanction, when the burden in the underlying suit is the preponderance of the evidence"), *citing Grogan v. Garner*, 498 U.S. 279 (1991), and *Herman & MacLean v. Huddleston*, 459 U.S. 375 (1983). The court need not tarry on this issue, as the Azmats and the other non-defaulted defendants cannot prevail under either standard.

Today, the Azmats contend that they "want to do the right and proper thing with this court" and ask for an additional sixty days to answer the complaint and respond to the long outstanding discovery requests. Dkt. 126 at ¶ 5. As noted above, they also assert that "they have tried to be in full compliance with the discovery request [sic] and do believe they are in full compliance." Dkt. 130. The other defendants who have not yet been defaulted have not made any attempt to object to the R&R.

The procedural posture of this case demonstrates that the Azmats and the other non-defaulted defendants have had ample opportunity to participate in discovery and defend this case, but have repeatedly refused to do so. The Azmats' insistence today that they have complied with

discovery and their inconsistent request for another two months to comply with discovery are particularly egregious.

Compliance with court orders and the Federal Rules of Civil Procedure is not optional. The defendants have received ample warning that they must either defend this action in accordance with the rules or be defaulted. Nevertheless, they adopted Scarlett O'Hara's famous statement that "tomorrow is another day" as their litigation strategy. GONE WITH THE WIND (Metro Goldwyn Mayer 1939) ("Tara! Home. I'll go home. And I'll think of some way to get [Rhett Butler] back. After all . . . tomorrow is another day"). While tomorrow will indeed come, there is no guarantee that a court will grant multiple extensions of time to comply with discovery obligations, especially when parties have received specific warnings about the consequences of their discovery violations to no avail.

In sum, the record in this case clearly demonstrates a pattern of intentional delay. Moreover, even when faced with the ultimate sanction of dismissal after receiving numerous warnings, the non-defaulted defendants did not spring into action, as in response to the R&R, the Azmats submitted an untimely request for two additional months to comply and the other non-defaulted defendants have done nothing. The court also cannot ignore the prejudice to the FTC, which has expended time and resources in a futile attempt to force all of the defendants to meet their obligations under the rules, or the individuals who contend they were defrauded by the defendants.

In an exercise of its discretion, the court thus finds that regardless of whether it reviews the R&R using a clear error or de novo standard, entry of a default judgment against defendants Riaz A. Butt, Faheem Ahmed Mughal, 9187-4131 Québec Inc., Bilal Ahmed Malik, Sohail

Azmat, and Nabeel Azmat is proper and amply supported by the record. The court thus accepts the R&R and enters default against these defendants.

"[I]n the case of a default, this circuit follows the rule that the well-pleaded allegations of the complaint relating to liability are taken as true." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (internal quotations omitted). The well-pleaded allegations of the complaint relating to liability are, therefore, taken as true. The FTC has indicated that it wishes to submit documents to prove up its damages. The FTC shall file a motion for default judgment and supporting documentation as to all defendants by August 11, 2010.

### Conclusion

Sohail and Nabeel Azmat's "motion for relief" [#126] is denied, and the magistrate judge's June 2, 2010, R&R [#124] is accepted. Default judgment is hereby entered against defendants Riaz A. Butt, Faheem Ahmed Mughal, 9187-4131 Québec Inc., Bilal Ahmed Malik, Sohail Azmat, and Nabeel Azmat. The FTC shall file a motion for default judgment and supporting documentation as to all defendants by August 11, 2010.

DATE: July 21, 2010

_____
Blanche M. Manning
United States District Judge