Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3159 | **DATE** | September 20, 2010 |
| **CASE TITLE** | *FTC v. 6654916 Canada* | | |

**DOCKET ENTRY TEXT:**

The FTC's motion for entry of default judgment against all defendants [#136] is before the court. The court also considered oral argument and a response filed by defendants Nabeel Azmat and Sohail Azmat. The FTC's motion is granted. Judgment is entered in favor of plaintiff and against all defendants, jointly and severally, in the amount of $1,239,211.15 USD. This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order. Enter Order for Permanent Injunction and Monetary Relief. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket. Status hearing and motion hearing set to 10/12/2010 are stricken.

■ [ For further details see text below.]

## STATEMENT

     The court assumes familiarity with its prior orders in this case, including its July 21, 2010, order (Dkt. #133) accepting Magistrate Judge Cox's report and recommendation ("R&R") to enter default against all of the defendants and to reject Nabeel and Sohail Azmat's attempt to stave off default despite their lengthy history of failing to comply with discovery requests. After the FTC filed a motion for default judgment, counsel for the Azmat defendants sought leave to file a response. The court allowed the Azmats to brief the motion, which is now ripe for disposition.

     The response contains the same types of arguments the court has previously rejected: that the Azmats "actively defended themselves," "made a good faith effort to be in compliance with the previous discovery request," and want to "continue in their efforts to prove their Innocence [sic] in this matter." Dkt. 140. As the court previously held, these assertions are completely contradicted by the record, as the Azmats failed to participate in discovery despite multiple warnings and chances to do so. Even when confronted with an R&R recommending entry of defaults, the Azmats simply asked for yet another extension of time. Infrequent requests for extensions and vague excuses unaccompanied by actual participation in the discovery process do not constitute an "active defense."

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

The Azmats also generally contend that they – along with consumers – were victims of the telephone listing scheme that is the subject of the FTC's complaint. As the court has previously noted, "in the case of a default, this circuit follows the rule that the well-pleaded allegations of the complaint relating to liability are taken as true." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (internal quotations omitted). If the Azmats wanted to defend this action by casting blame on their co-defendants, they could and should have done so long ago. Assertions of "Innocence" at this stage of the proceedings are insufficient. In this regard, the court also notes that James McGonnagle, current counsel for the Azmats, filed an appearance on May 19, 2010. Four months later, the Azmats still are trying to avoid a default judgment entered as a sanction for failure to comply with discovery while simultaneously still not complying with discovery. Their efforts are doomed to failure, as the Azmats are not free to ignore discovery obligations yet suffer no consequences.

In short, the Azmats' latest effort is too little, too late. The well-pleaded allegations in the complaint relating to liability are accepted as true. The Azmats' motion does not address the FTC's proposed order or the evidence it presented regarding the appropriate amount of damages. As detailed in the attached order, default judgment is hereby entered in favor of the FTC and against defendants Riaz A. Butt, Faheem Ahmed Mughal, 9187-4131 Québec Inc., Bilal Ahmed Malik, Sohail Azmat, and Nabeel Azmat. The court also enters a permanent injunction and awards damages. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.